IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JUSTIN L. HECKADON et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 14-1010-CV-W-FJG |
| | ) | |
| CLINTON LEER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Plaintiffs' Motion to Reinstate Case or in the Alternative to Dismiss Case Without Prejudice (Doc. No. 21).

On February 19, 2015, defendants filed a joint motion for sanctions due to plaintiffs' failure to cooperate in preparing a proposed scheduling order/discovery plan. See Motion, Doc. No. 15. On February 23, 2015, plaintiffs were ordered to show cause in writing on or before March 9, 2015, why this matter should not be dismissed for failure to cooperate in the preparation of the proposed scheduling order/discovery plan, failure to comply with the orders of the Court, and/or failure to prosecute. See Order to Show Cause, Doc. No. 16. Plaintiffs were advised that failure to respond to this Order would result in the dismissal of this case without further notice. Nonetheless, plaintiffs failed to file a timely response to the Court's order to show cause, nor did they file a timely response to the pending motion for sanctions. Therefore, on March 11, 2015, the Court granted defendants' motion for sanctions, and dismissed the case for failure to prosecute and failure to comply with the orders of this Court.

On March 27, 2015, over two weeks after the case was dismissed, plaintiffs filed the motion to reinstate the case, or in the alternative, to dismiss the case without prejudice (Doc. No. 21). Plaintiffs' counsel indicates (1) he was under the misbelief that the response to the motion for sanctions had to be filed within 30 days; (2) defendants had sent a packet of discovery due March 30, 2015; (3) he believed that defense counsel must have proceeded without plaintiffs' counsel on the scheduling order, because why else would discovery have been propounded; (4) plaintiff's counsel gave dates he could do a phone conference, and defense counsel never called on any of those dates; (5) "Maybe it is only me, but in my past cases where a scheduling order was necessary counsel got to gather [sic] telephonically and got there [sic] dates agreed upon," (Doc. No. 21, p. 1); (6) dismissal under Rule 41(b) is harsh, and counsel thought everything was being done in the case; (7) counsel will diligently prepare a scheduling order if the case is reinstated; and (8) counsel only saw the March 11, 2015 order dismissing the case when getting a better print out of the request for production. Counsel offers no excuse as to why he failed to respond to the Court's order to show cause.

Defendants oppose plaintiff's motion to reinstate case or to dismiss without prejudice. As noted by defendants in their motion, the Court in its Order to Show Cause (Doc. No. 16) warned plaintiffs that failure to respond to the order would result in dismissal of the case without further notice. Defendants note that plaintiff does not indicate whether his motion is brought under Rule 59(e) or Rule 60(b). A motion under Rule 59(e) serves the limited purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. Hagerman v. Yukon Energy Corp., 839 F.2d

2

Case 4:14-cv-01010-FJG   Document 25   Filed 05/11/15   Page 2 of 4

407, 414 (8th Cir. 1988). Neither are present here; there is no indication that the Court made a mistake, nor are any new arguments raised that could not have been raised before final judgment.

Under Rule 60(b), the Court may relieve a party from an order or final judgment "for any one of the enumerated reasons in the rule, including excusable neglect, surprise, newly discovered evidence, fraud, a void judgment, or any other reason that would justify relief." Employers Reinsurance Corp. v. Massachusetts Mutual Life Ins. Co., No. 06-0188-CV-W-FJG, 2008 WL 4693513, at *1 (W.D. Mo. Oct. 23, 2008). Excusable neglect "is generally understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005). However, excusable neglect "does not include ignorance or carelessness on the part of an attorney." Id. This Court recently held that "unfamiliarity with the federal rules or local court rules does not qualify as 'excusable neglect,' and unfamiliarity with or difficulty in navigating the court's ECF system is not excusable neglect. Emmons v. Bank of Am., N.A., Case No. 13-CV-1055-FJG, 2015 WL 518569, at *3-4 (W.D. Mo. Feb. 9, 2015). Plaintiffs' counsel's misbelief that he had 30 days to respond to the motions for sanctions, that he was expecting a phone call to discuss the scheduling order; and that he only saw the Court's March 11, 2015 Order at a much later date do not constitute excusable neglect. As noted above, plaintiffs provide no explanation at all why they failed to respond to the Court's February 23, 2015 Order to Show Cause (Doc. No. 16). As the Eighth Circuit noted in Noah (where the underlying lawsuit was dismissed after counsel failed to respond to an order to show cause), "An attorney's failure to follow the clear dictates of a court order does

3

not amount to excusable neglect." 408 F.3d at 1045. The Court agrees with defendants that the same result is dictated here.

Therefore, for the foregoing reasons, plaintiffs' motion (Doc. No. 21) is **DENIED.**

**IT IS SO ORDERED.**

Date:  May 11, 2015                      **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                 Fernando J. Gaitan, Jr.
                                                United States District Judge